# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **HELEN E. NORMAN,** *et al.,* <br><br> **Plaintiffs,** <br><br> v. <br><br> **N.J. STATE PAROLE BOARD,** *et al.*, <br><br> **Defendants.** | Case No. 17-cv-04413-CCC-ESK <br><br><br> OPINION AND ORDER |

**KIEL**, UNITED STATES MAGISTRATE JUDGE

   **THIS MATTER** comes before the Court on *pro se* plaintiffs' motion for leave to file a fourth amended complaint (Motion). (ECF No. 50.) Defendants opposed the Motion. (ECF No. 52.) I conducted a hearing on May 12, 2020. (Minute entry after ECF No. 58.) For the following reasons and for the reasons stated on the record, the Motion is **DENIED**.

## BACKGROUND

   The underlying facts of this matter have been set forth in prior written decisions and will not be set forth in detail herein. (*See* ECF Nos. 23, 24, 29.) Facts relevant to the resolution of the Motion follow.

   Plaintiffs filed the initial complaint on June 15, 2017. (ECF No.1) On October 2, 2018, this matter was stayed and administratively terminated pending the outcome of a proceeding involving Joseph Norman (Joseph) before the New Jersey Parole Board (Parole Board). (ECF No. 34.) This matter was reopened on May 30, 2019 after plaintiffs confirmed they sought to proceed on claims that were distinct from those asserted in the operative complaint at the time. (ECF No. 40.) With the reopening of the case, plaintiffs were granted leave to file a third amended complaint. (*Id.*) Plaintiffs' third amended complaint (TAC) was filed on June 27, 2019 against

the Parole Board, Thawra Naser, Julienne Sirico, and John and Jane Does. (ECF No. 41.)

The TAC is 42 pages long, with 261 numbered-paragraphs. (*Id.*) With exhibits, the TAC is 295 pages. (ECF Nos. 41 to 41–5.) Paragraph 150 of the TAC alleges that a two-member panel (Panel) of the Parole Board revoked Joseph's parole and referred him to the Adult Diagnostic and Treatment Center (ADTC) for a psychological evaluation "as a prerequisite to determining whether he would be eligible to be re-paroled." (ECF No. 41 ¶ 150.) The Parole Board affirmed the Panel's decision to require a psychological evaluation. (*Id.* ¶ 154.)

Joseph Norman filed an appeal with the New Jersey Superior Court, Appellate Division (Appellate Division), "challenging the decision of the [] Parole Board … requiring [Joseph] to complete the ADTC evaluation and be subject to th[ose] provisions." (*Id.* ¶ 161.) On January 14, 2019, the Appellate Division issued its decision in *Norman v. N.J. State Parole Board*, 457 N.J.Super. 513 (App. Div. 2019). The Appellate Division held that the Parole Board did not have the authority to require Joseph to undergo a psychological evaluation as part of the process to determine parole eligibility. *Id.* at 524. The TAC refers to the Appellate Division's decision. (ECF No. 41 ¶¶ 175–76.) Plaintiffs claim the Parole Board's mistaken decision to require the psychological evaluation resulted in Joseph's wrongful incarceration for 148 days. (*Id.* ¶180.)

On February 25, 2020, I conducted a telephone status conference and addressed a discovery dispute raised by plaintiffs. (Minute entry after ECF No. 48.) In their letter dated January 24, 2020, plaintiffs sought leave to file a motion to compel discovery from the individual members of the Parole Board. (ECF No. 46.) In response to the letter, defendants' counsel advised plaintiffs that the individual members of the Parole Board are not named defendants and, therefore, discovery could not be compelled from them. (ECF No. 47.)

During the hearing on February 25, 2020, I advised plaintiffs that discovery could not be compelled from people who are not parties to the litigation. In response, Joseph stated he believed the individual members of the Parole Board were

2

defendants because the Parole Board is a named-defendant. Joseph asked for leave to file a further amended complaint to add claims against the members of the Parole Board. I granted plaintiffs leave to file a motion to compel discovery, a motion for leave to file a fourth amended complaint, and a renewed motion for the appointment of *pro bono* counsel.[1]  (ECF No. 49.)

Plaintiffs filed the Motion on March 13, 2020. (ECF No. 50). The proposed fourth amended complaint seeks to add the members of the Parole Board as new defendants. It also seeks to include new allegations asserting that the members of the Parole Board were engaged in performing administrative acts when the Parole Board required Joseph to undergo a psychological evaluation. (ECF No. 50–2 ¶ 180.)

## ANALYSIS

### I.     STANDARD

Where a responsive pleading in an action has been filed, and 21 days have elapsed, a plaintiff may amend the complaint only by leave of court or consent of the parties. Fed.R.Civ.P. 15(a)(2). Leave to amend shall be freely given when justice so requires. *Id.*; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). A motion to amend should be denied when an "amendment would cause undue delay or prejudice, or that amendment would be futile." *Winer Family Tr. v. Queen*, 503 F.3d 319, 330–31 (3d Cir. 2007). An amendment is futile when it advances a claim that "would fail to state a claim upon which relief could be granted." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Whether a proposed amendment will be futile is determined under the same analysis as a Rule 12(b)(6) motion. *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002). For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

---

[1] Plaintiffs' fourth motion for the appointment of *pro bono* counsel was denied on May 5, 2020. (ECF No. 57.) Plaintiffs did not file a motion to compel discovery from the members of the Parole Board.

## II. PLAINTIFFS' PROPOSED FOURTH AMENDED COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF AGAINST THE MEMBERS OF THE PAROLE BOARD.

Parole board members are entitled to absolute immunity when they are engaged in adjudicatory acts. *Wilson v. Rackmill*, 878 F.2d 772, 775–76 (3d Cir. 1989). Absolute immunity, however, does not extend to a parole board member's actions in performing executive or administrative functions. *Williams v. Consovoy*, 333 F.Supp.2d 297, 299–300 (D.N.J. 2004), *aff'd,* 453 F.3d 173 (3d Cir. 2006). Plaintiffs claim the Parole Board's decision to require a psychological evaluation was executive and a "purely 'mandatory function,'" which would render the benefits of absolute immunity inapplicable. (ECF No. 50-1 p. 6.)

The Appellate Division held that the Parole Board made a mistake in applying a regulation requiring certain parolees to undergo a psychological evaluation before being considered for future parole eligibility. This fact is not in dispute. What is disputed is whether the members of the Parole Board are entitled to absolute immunity irrespective of the Appellate Division's decision. Plaintiffs argue that the Appellate Division "ma[d]e it clear the Parole Board has no discretion in applying these regulations; they either apply or do not apply based on the plain language of the regulation." Thus, to plaintiffs' point, if the Parole Board believed it was required to get a psychological evaluation under the applicable regulation, then requiring Joseph to undergo the evaluation must be "administrative and ministerial," and not subject to absolute immunity.

The regulation in question is N.J.A.C. 10A:71-7.19A(a). This regulation requires psychological evaluations of parolees, who have violated conditions of parole, to be eligible for future parole. This regulation, however, does not apply to parolees, like Joseph, who completed their sentences before committing a parole violation.[2]

---

[2] The regulation only applies to inmates who were paroled, *before* completing their sentences, and committed a parole violation. *See Norman*, 457 N.J.Super. at 521.

4

While it is true that the Parole Board made a mistake in requiring Joseph to undergo an evaluation, the decision to require the evaluation itself was an adjudicatory act. The flaw in plaintiffs' argument is that it skips over the adjudicatory role of the Parole Board in making a determination of whether the regulation applied in considering Joseph's parole eligibility. Only after that adjudicatory decision was made can the administrative act of requiring a psychological evaluation be performed. Since absolute immunity shields the members of the Parole Board from their mistaken interpretation of the regulation, the administrative acts that flow from the decision, albeit wrong, must also be shielded from liability.

In *Williams*, this Court determined that a licensed psychologist retained by a Parole Board to conduct an evaluation of an inmate seeking parole was protected by absolute immunity. The plaintiff claimed that the psychologist's "deliberate indifference to his rights caused his parole to be wrongfully denied." *Williams*, 333 F.Supp.2d at 299–300. This Court noted that probation officers and parole officers are entitled to absolute "quasi-judicial" immunity for actions taken in their adjudicatory capacities. *Id.* at 299. "[I]n the parole board context [] hearing evidence; making recommendations as to whether to parole a prisoner; and making decisions to grant, revoke or deny parole are adjudicatory acts for which the actor is entitled to absolute immunity." *Id.* at 300 (citing *Simon v. Ward,* No. 99-15544, 2001 WL 41127, at *2 (E.D.Pa. Jan. 16, 2001)); *see also Burns v. Reed*, 500 U.S. 478, 484 (1991) (absolute immunity attaches to those who perform functions integral to the judicial process). Professionals who conduct court-ordered evaluations of parties to litigation, moreover, are absolutely immune from § 1983 liability. *Id.* (citing *McArdle v. Tronetti*, 961 F.2d 1083 (3d Cir. 1992)). "Examining a prisoner for this purpose is akin to making recommendations as to whether to parole a prisoner, which is an adjudicative act." *Id.* at 301.

Additionally, this Court in *Williams*, noted that in an earlier stage of the litigation, "the Third Circuit held that '[o]rdering a psychological profile' is 'judicial in character,' and therefore the [C]ourt held the members of the Adult Panel immune

5

to Section 1983 liability." Id. at 302, n.5.   In the earlier slip opinion, the Third Circuit wrote:

> With respect to the direct appeal, we note that the matters which Mr. Williams alleges were administrative acts in fact are adjudicative, that do clearly merit immunity: *Ordering a psychological profile*, failing to check into Williams's prior criminal record before relying on it, and failing for eight months to correct Williams's lack of criminal record before revoking parole.  We are satisfied that each of these act are judicial in character and fall within *Cleavinger v. Saxner*, 474 U.S. 193, 106 S.Ct. 496, 88 L.Ed.2d 507 (1984).  (Emphasis added.)

*Williams v. Consovoy*, 53 Fed.App'x 664 (2002).

The mistake in interpretation and application of a regulation by the Parole Board falls squarely into the kinds of acts deemed to be adjudicatory.  Indeed, as demonstrated in *Williams,* a mistake does not turn an adjudicatory act into an administrative one; even when a Parole Board fails to act within its own regulations. The Parole Board was gathering evidence as part of its adjudicatory role to determine whether to grant, revoke or deny parole.

Because the members of the Parole Board have absolute immunity, plaintiffs' proposed amendments to the TAC would be futile.

Accordingly, [3]

---

[3] Defendants also argued that the Motion should be denied because the claims against the new defendants would be barred by the applicable statute of limitations.  (ECF No. 52 pp. 4–8.)   Because I find the proposed amendment to be futile, the statue-of-limitations issue will not be addressed herein.

## CONCLUSION AND ORDER

**IT IS** on this **18th** day of **May 2020** **ORDERED** that:

1. Plaintiffs' Motion is **DENIED**.
2. The Clerk of the Court is directed to terminate the Motion at **ECF No. 50.**

                                                */s/ Edward S. Kiel*
                                                **Edward S. Kiel**
                                                **United States Magistrate Judge**